UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHALITA SANDERS** | : | **CIVIL ACTION** |
| | : | |
| versus | : | **NO.** |
| | : | |
| **RIVERWALK MARKETPLACE (NEW ORLEANS), LLC, TOMMY HILFIGER RETAIL, LLC d/b/a TOMMY HILFIGER #250 d/b/a PVH RETAIL STORES, LLC, and JOHN DOE** | : : : : : : | **SECT.** **MAG.** |

### NOTICE OF REMOVAL TO FEDERAL COURT

To:   The Honorable Judges of the United
      States District Court for the Eastern
      District of Louisiana.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § § 1332, 1441, and 1446, Defendants, PVH Retail Stores LLC and Tommy Hilfiger Retail, LLC ("Defendants"), file this Notice of Removal of the above-captioned matter, *Shalita Sanders versus Riverwalk Marketplace (New Orleans), LLC, Tommy Hilfiger Retail, LLC d/b/a Tommy Hilfiger #250 d/b/a PVH Retail Stores, LLC, and John Doe*, Docket No. 2021-9903, pending in Division "C," Section 10 of the Civil District Court for the Parish of Orleans on the following grounds:

**I.     Factual introduction and procedural history supporting removal.**

1.  On December 8, 2021, Plaintiff filed her Petition for Damages (the "Petition") against Riverwalk Marketplace (New Orleans), LLC ("Riverwalk"), PVH Retail Stores LLC ("PVH"), Tommy Hilfiger Retail, LLC ("Tommy Hilfiger"), and John Doe, a fictitious defendant, in the Civil District Court for the Parish of Orleans, State of Louisiana, in connection with an incident that allegedly occurred on January 2, 2021. The lawsuit is entitled *Shalita Sanders versus*

*Riverwalk Marketplace (New Orleans), LLC, Tommy Hilfiger Retail, LLC d/b/a Tommy Hilfiger #250 d/b/a PVH Retail Stores, LLC, and John Doe*, Docket No. 2021-9903, pending in Division "C," Section 10 of the Civil District Court for the Parish of Orleans. In her Petition for Damages, Plaintiff alleges she was struck and injured by a metal gate at the Tommy Hilfiger store in the Riverwalk.[1]

    2.    PVH and Tommy Hilfiger were served on January 6, 2022.[2]

**II.** **Removal is proper because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.**

    **A.**    **All of the properly joined parties are diverse.**

    3.    As stated above, all properly joined parties in this matter are diverse:

        a.    Plaintiff, Shalita Sanders, is a person of the full age of majority and resident of Jefferson Parish, Louisiana.

        b.    Defendant, PVH Retail Stores, LLC, is a single-member limited liability company whose sole member is PVH Corp., a Delaware corporation, with its principle place of business in New York.[3]

        c.    Defendant, Tommy Hilfiger Retail, LLC, is a single-member limited liability company whose sole member is PVH Corp., a Delaware corporation, with its principle place of business in New York.[4]

        d.    Riverwalk Marketplace (New Orleans), LLC is a foreign limited liability company, whose members are citizens of Maryland, Pennsylvania, and Texas. The members of Riverwalk are The Howard Research and Development Corporation ("HRDC") and Greengate Mall, Inc. ("Greengate"). HRDC is a Maryland corporation with its principle place of business in Texas. Greengate is a Pennsylvania corporation with its principle place of business in Texas.[5]

---

[1] Exhibit A, Plaintiff's Petition for Damages, at Paragraph 4 and 5.
[2] Exhibit B, Notice of Service of Process.
[3] Exhibit C, Unsworn Declaration Under Penalty of Perjury of Lawrence Falco, M.Ed.
[4] *Id.*
[5] Exhibit D, Unsworn Declaration Under Penalty of Perjury of Todd Drake.

4.     John Doe is a fictitious defendant. Even so, no allegations are made as to John Doe's citizenship. As such, John Doe is not a properly joined defendant for the purposes of removal jurisdiction.

### B.     The amount in controversy exceeds $75,000.

8.     28 U.S.C. § 1332(a) provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between (1) citizens of different States. . ."

9.     28 U.S.C. § 1442(b)(1) provides, "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(c)(2) further provides, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"

10.    Pursuant to the Louisiana Code of Civil Procedure, a plaintiff filing suit in Louisiana State Court is prohibited from pleading a specific amount of damages in their initial petition for damages. But the Code of Civil Procedure also provides that "if a specific amount of damages is necessary to establish. . . the right to a jury trial [or] the lack of jurisdiction of federal courts due to insufficiency of damages. . . a general allegation that the claim exceeds or is less than the requisite amount is required."[6]

12.    Notwithstanding Art. 893's plain language, Plaintiff *affirmatively* alleges that the "cause of action exceeds the sum of $75,000.00, exclusive of interest and cost at this time."[7]

---

[6] LA. CODE CIV. PROC. ART. 893(A)(1).
[7] Exhibit A, Petition for Damages, para. 10.

3

13.     Defendants contest liability, the legal existence and basis of, and the amount of damages asserted by Plaintiff; however, for purposes of removal only, the amount in controversy exceeds $75,000, exclusive of interest and costs.

### C.     Consent to Removal

15.     As suggested above, Riverwalk is the only other party properly served and joined at this time. Riverwalk consents to removal.[8] John Doe is a fictitious defendant. Thus, his consent is not required for removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).[9]

## III.    Defendants' removal is timely.

16.     Defendants were served on January 6, 2022. Thus, removal is timely.

## IV.    Defendants have satisfied the remaining procedural requirements for removal.

17.     The Civil District Court for the Parish of Orleans is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

18.     Pursuant to 18 U.S.C. § 1446(a), a copy of Plaintiff's Petition for Damages, is attached to this Notice of Removal.[10]

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans.

20.     Defendants desire and are entitled to trial by jury of all issues herein.

---

[8] Exhibit D, Unsworn Declaration Under Penalty of Perjury of Todd Drake, para. 8.
[9] *Rico v. Flores*, 481 F.32d 234 (5th Cir. 2007).
[10] Exhibit A, Plaintiff's Petition for Damages

**WHEREFORE**, Defendants, Defendants, PVH Retail Stores LLC and Tommy Hilfiger Retail, LLC, pray that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed therefrom to this Court. Defendants additionally pray for a jury trial on all issues.

Respectfully submitted,

*/s/ Jonathan M. Walsh*
Jonathan M. Walsh (#25922)
Derek M. Graves (#39196)
jwalsh@deutschkerrigan.com
dgraves@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: 504-593-0697
*Attorneys for PVH Retail Stores LLC and Tommy Hilfiger Retail, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by ECF, e-mail, fax or depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 28th day of January, 2022.

*/s/ Jonathan M. Walsh*
Jonathan M. Walsh

5