FILED
2021 DEC -3 PM 4:00
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF NEW ORLEANS

STATE OF LOUISIANA

DOCKET NUMBER: 2021-9903                                    DIVISION: C-10

SHALITA SANDERS
VERSUS
RIVERWALK MARKETPLACE (NEW ORLEANS), LLC, TOMMY HILFIGER RETAIL, LLC d/b/a TOMMY HILFIGER #250 d/b/a PVH RETAIL STORES, LLC, and JOHN DOE

FILED: _____    _____
                                                DEPUTY CLERK

### *PETITION FOR DAMAGES*

**NOW INTO COURT**, comes SHALITA SANDERS, who domiciled in the Parish of Jefferson Parish, State of Louisiana who respectfully represents:

1.

Made Defendants herein are:

A. RIVERWALK MARKETPLACE (NEW ORLEANS), LLC, a domestic/foreign limited liability company authorized to do and doing business in the State of Louisiana, who has by operation of Louisiana Revised Statute 13:3471 appointed Corporation Service Company as its agent for service of process and can be served at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802;

B. TOMMY HILFIGER RETAIL, LLC d/b/a TOMMY HILFIGER #250 d/b/a PVH RETAIL STORES, LLC a domestic/foreign limited liability company authorized to do and doing business in the State of Louisiana, who has by operation of Louisiana Revised Statute 13:3471 appointed Corporation Service Company as its agent for service of process and can be served at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and

C. JOHN DOE

2.

Venue is proper in Orleans Parish, Louisiana because the events giving rise to this action occurred in the Parish of Orleans and pursuant to the Louisiana Code of Civil Procedure Article §74 an action for the recovery of damages for an offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained.

3.

Defendants are liable and indebted to the Petitioner for such damages as are reasonable in the premises, including property damage, past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, medical expenses, loss earnings, future loss of earning capacity, and permanent disability to the body, loss of consortium together with legal


EXHIBIT A

interest thereon from date of judicial demand, until paid, and for all cost of these proceedings, for the following:

4.

On January 2, 2021, petitioner SHALITA SANDERS, a guest patron, was visiting the Tommy Hilfiger Outlet in the New Orleans River Walk Market Place, in the Parish of Orleans, State of Louisiana.

5.

On the aforementioned date, John Doe, employee of Tommy Hilfiger Outlet, heard a noise and suddenly and without warning violently pulled the metal gate down onto the Petitioner's head, causing severe and debilitating injuries (the "Accident").

6.

Said accident occurred through the negligence, carelessness, and recklessness of John Doe, whose negligence is imputed onto his employer, TOMMY HILFIGER RETAIL, LLC d/b/a TOMMY HILFIGER #250, d/b/a PVH RETAIL STORES, LLC, without contributory negligence whatsoever upon the part of SHALITA SANDERS and such negligence, carelessness, and recklessness consisted of, without limitation, to the following:

- Failing to see what he should have seen;
- Failing to take necessary actions to avoid the accident;
- Failing to keep a good and careful lookout;
- Failing to maintain reasonable and proper control of the metal gate which he was operating;
- Operating the metal gate in a careless and/or reckless manner without the regard for the safety of others; and
- Any and all other acts of negligence which may be proven at the trial of this matter.

7.

The proximate cause of the above-referenced accident was the negligence and fault of Defendants TOMMY HILFIGER RETAIL, LLC d/b/a TOMMY HILFIGER #250, d/b/a PVH RETAIL STORES, LLC, through the Doctrine of *Respondeat Superior* and/or through its direct negligence which includes but is not limited to the following:

- Failure to adequately and effectively supervise its employees;

- Allowing inexperience and untrained employees and/or agents to operate the metal gate on its behalf;
- Failure to establish adequate rules, regulations, and procedures for its employees; and
- Any and all other acts of negligence which may be proven at the trial of this matter.

8.

As a consequence of the Accident, SHALITA SANDERS suffered damages including, without limitation, past, present, and future: (a) physical pain and suffering; (b) mental anguish and distress; (c) medical expenses; (d) loss of property; (e) loss of use; (f) loss of wages and earning capacity; (g) loss of consortium; (h) disability; and (i) other elements of damages to be proven at the time of trial. SHALITA SANDERS pray for and are entitled to such damages as are reasonable in the premises.

9.

That pursuant to La. R.S. 22:655, SHALITA SANDERS herein has a direct cause of action, either individually, jointly, severally, or *in solido*, against the Defendants for any and all damages that they may have sustained, and for the full and true amount as the Court or the Jury may grant or award for any and all damages they may have sustained, or as it may be reasonable under the premises, plus legal interest thereon from the date of the judicial demand until paid, court costs, experts' fees, and for any and all equitable relief as they are herein entitled under this cause, equity, justice, or as a matter of law.

10.

SHALITA SANDERS cause of action exceeds the sum of $75,000.00, exclusive of interest and cost at this time.

**WHEREFORE, PETITIONER PRAYS** that the named Defendants be duly cited and served with a copy of this Petition and, after all due proceedings are had, there be a judgment in favor of Petitioners and against Defendants, jointly and in solido in amounts as are reasonable in the premises including but not limited to, including property damages, past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability to the body, loss of consortium, rental expenses, property damages, loss of use and/or depreciation of vehicle, loss of enjoyment of life, and penalties and attorney's fees, together with

legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[ ] U.S. Mail
[ ✓ ] Hand Delivery
[ ] Facsimile
[ ] Other

This _____ day of December, 2021.

Respectfully Submitted,

STAINES, EPPLING & KENNEY

_____
JASON R. KENNEY (29933)
VERGIE L. RILEY (30946)
3500 North Causeway Blvd., Suite 820
Metairie, LA 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043
*Counsel for Shalita Sanders*

**PLEASE SERVE:**

RIVERWALK MARKETPLACE (NEW ORLEANS), LLC
Through its Agent of Service of Process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

TOMMY HILFIGER RETAIL, LLC d/b/a TOMMY HILFIGER #250
d/b/a PVH RETAIL STORES, LLC
Through its Agent of Service of Process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

JOHN DOE
Hold Service

A TRUE COPY

_____
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA