| | |
|---|---|
| SHALITA SANDERS<br><br>VERSUS<br><br>TOMMY HILFIGER RETAIL, LLC,<br>ET AL | CIV. ACT. NO. 2:22-CV-00196<br><br>SECTION: L(5)<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE MICHAEL NORTH |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Partial Summary Judgment, R. Doc. 97. Plaintiff has filed an opposition. R. Doc. 108. Having considered the parties' briefing and the applicable law, the Court rules as follows.

### I.     BACKGROUND

This case arises out of personal injuries that Plaintiff Shalita Sanders allegedly sustained at the Tommy Hilfiger outlet store in the Outlet Collection at Riverwalk in New Orleans, Louisiana. Plaintiff alleges that on January 2, 2021, she was visiting the store when an employee (named herein as "John Doe") suddenly pulled the metal security gate (the "Gate") down, striking Plaintiff's head, and causing severe and debilitating physical, mental, and emotional injuries (the "Accident"). R. Doc. 71 at 3.

Plaintiff filed her complaint in Louisiana state court, and Defendants subsequently removed the case to this Court. R. Doc. 1. Plaintiff's First Amended Complaint names as Defendants (1) Riverwalk Marketplace New Orleans, LLC ("Riverwalk"); (2) Tommy Hilfiger Retail, LLC ("Hilfiger"), PVH Retail Stores, LLC ("PVH"), and PVH Corp. ("PVH Corp") (collectively the "Hilfiger Entities"); (3) Safety National Casualty Corporation ("Safety National"); (4) Professional Security Consultants, Inc. CA ("PSC"); and (5) John Doe. R. Doc. 71 at 1–2. Plaintiff alleges that one or more of the Hilfiger Entities are liable for the negligence

1

of John Doe which led to her injuries. *Id.* at 4. She also alleges that the Hilfiger Entities were negligent in failing to adequately supervise and train their employees in the operation of the Gate; failing to install a Gate with safety mechanisms that would have prevented her injuries; and failing to establish effective safety and response policies. *Id.* at 4–5.

Plaintiff alleges that negligence and breach of duty by Riverwalk was a proximate cause or contributing factor to the Accident. *Id.* at 5–6. She alleges that Safety National, as the liability insurer of one or more of the Hilfiger Entities, is responsible for paying any damages owed by the Hilfiger Entities. *Id.* at 7–8.

Plaintiff seeks damages for past and future physical and emotional pain and suffering; past and future medical expenses; loss of past income; loss of future earning capacity; disfigurement; permanent disability; loss of enjoyment of life; loss of property; and penalties and attorneys' fees, as well as interest thereupon from the date of her judicial demand. *Id.* at 8.

In their Answer, the Hilfiger Entities and Safety National deny liability for Plaintiff's alleged injuries, asserting that the Accident was caused by third parties who detonated firecrackers in the Riverwalk, causing John Doe to take appropriate emergency response measures in response to what was believed to be an active-shooter situation, or that the Accident was caused by Plaintiff's own negligence R. Doc. 75 at 3–5.

Riverwalk also denies liability, and has filed a crossclaim against the Hilfiger Entities, arguing, inter alia, that, under the terms of the lease agreement between them, the Hilfiger Entities are required to indemnify Riverwalk for any personal injury claims arising within the premises. R. Doc. 21 at 4. Riverwalk has also filed a third-party complaint against PSC, its hired security company, arguing, inter alia, that if Riverwalk were to be found liable for Plaintiff's injuries in whole or in part, under the terms of the Security Services Agreement between them,

PSC would be required to indemnify Riverwalk for any resulting damages Riverwalk might incur. R. Doc. 83. PSC denies any liability for the Accident and denies that it must indemnify Riverwalk should Riverwalk be found to be liable. R. Docs 77; 87.

## II. PRESENT MOTION

Defendants jointly move the court for partial summary judgment on Plaintiff's claims for penalties and attorneys' fees, loss of property, and past lost income. R. Doc. 97. As to penalties and attorneys' fees, Defendants argue that Louisiana law does not permit such an award under the facts and circumstances of this case. R. Doc. 97-1 at 4–5. As to loss of property, Defendants argue that Plaintiff has no evidence that she lost property or had any property damaged as a result of the Accident, and indeed that Plaintiff testified in her deposition that she did not. *Id.* at 3–4. Finally, Plaintiff bases her claim for lost wages on her assertion that she, an attorney, was unable to accept cases she otherwise would have as a result of the Accident. R. Doc. 97-6. However, Defendants point out that Plaintiff was placed on probation from the practice of law for two years beginning on September 27th, 2021, during which she could not return to practice without first fulfilling certain conditions. R. Doc. 97-1 at 5–7. Because Plaintiff presents no evidence that she fulfilled those conditions, Defendants argue that she can present no claim for medical inability to accept cases she was not permitted to accept under the terms of her probation. *Id.*

## III. LEGAL STANDARD

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists only "[i]f the evidence is

3

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528 (5th Cir.1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir.1995).

Once the burden shifts to the respondent, she must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). There must be sufficient evidence favoring the non-moving party, viewed in the light most favorable to her, to support a verdict for that party. *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). If there is not, the movant is entitled to judgment as a matter of law.

### IV. DISCUSSION

#### A. Attorneys' Fees and Penalties

Plaintiff concedes that she is unable to recover attorneys' fees and penalties in connection with the claims she has made in this case. R. Doc. 108 at 13. Accordingly, summary judgment is GRANTED as to Plaintiff's plea for attorneys' fees and penalties.

#### B. Loss of Property

Defendants argue that Plaintiff has presented no evidence that she lost property or had any property damaged as a result of the Accident, and indeed that Plaintiff testified in her

deposition that she did not. *Id.* at 3–4. However, Plaintiff points out that lost money can be the object of a loss of property claim under Louisiana law. R. Doc. 108 at 5; *see* LA. CIV. CODE ARTS. 461, 471; *Succession of Miller,* 405 So.2d 812 (La. 1981); *Tucker v. Fowler*, 95-1649 (La. 2/28/96), 668 So. 2d 718, 720. Accordingly, she argues that she has been forced to spend money, and continues to spend money, on a variety of expenses that she would not have incurred but for the Accident. *Id.* Plaintiff has presented evidence of at least $1,025.01 that she has spent on transportation because she cannot drive as a result of the Accident. R. Doc. 108-11. This evidence is adequate to raise a genuine issue of material fact as to Plaintiff's loss of property claim at the summary judgment stage.

### C. Loss of Income

Defendants move for summary judgment on Plaintiff's loss of income claim, pointing out that she was on probation from the practice of law for two years beginning on September 27th, 2021 and thus challenging her proffered evidence of clients whom she was unable to take on due to the Accident. However, as Plaintiff argues, she was not on probation from the date of the accident in January of 2021 until September 27th, 2021. R. Doc. 108 at 10–11. Plaintiff has submitted evidence of clients whom she could have taken on during that time period, alleging that she was unable to do so because of the Accident. Thus, there remains a genuine issue of material fact as to whether Plaintiff has lost income because of the Accident, precluding summary judgment on that claim.

### V.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is **DENIED** in part and **GRANTED** in part as to Plaintiff's claim for attorneys' fees and penalties only.

New Orleans, Louisiana, this 14th day of November, 2022.

_____
United States District Judge